PEOPLE v LOVE

Docket No. 68614. Submitted September 7, 1983, at Detroit.—Decided October 19, 1983.

Andrew Love, a Marquette prison inmate, was charged with assault of an employee of a place of confinement. The trial commenced 327 days after the pretrial conference. After the jury was impanelled the defendant entered a plea of nolo contendere to the charge, Marquette Circuit Court, Edward A. Quinnell, J. Defendant appealed, alleging that the trial court lost jurisdiction to try him on the charge because the trial was not commenced within 180 days of issuance of the complaint and warrant. *Held:*

None of the delay in bringing defendant to trial is attributable to the defendant. The prosecution's assertion that the court's docket was congested, without more, is insufficient to prevent application of the statute requiring that an inmate be brought to trial on a pending charge within 180 days. Thus, because the prosecution has not made an affirmative showing of unavoidable delays, justifying the inaction, the circuit court lost jurisdiction to try the defendant.

Reversed, and remanded for entry of an order of dismissal.

1. CRIMINAL LAW — 180-DAY RULE — DELAY IN TRIAL.

A period of inaction, not contributed to by the defendant and otherwise unexplained, in excess of 180 days in the prosecution of a charge pending against a prison inmate is per se a violation of statute, unless the prosecution makes an affirmative showing of exceptional and unavoidable circumstances which hamper the normally efficient functioning of the trial court (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — 180-DAY RULE — DOCKET CONGESTION.

The fact that a court docket was crowded, without more, is not sufficient to prevent operation of the statute which requires a

REFERENCES FOR POINTS IN HEADNOTES
[1] 21A Am Jur 2d, Criminal Law § 857.
[2] 21A Am Jur 2d, Criminal Law § 860.

pending charge against a prison inmate to be tried within 180 days (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Gary L. Walker,* Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: Hood, P.J., and J. H. Gillis and R. M. Maher, JJ.

Per Curiam. Defendant pled nolo contendere to the charge of assault of an employee of a place of confinement, MCL 750.197c; MSA 28.394(3), and was sentenced to two to four years in prison, to be served consecutively to the sentence he was serving at the time of the offense.

Of several issues raised on appeal, defendant's first claim is dispositive and makes consideration of the other issues unnecessary. Defendant argues that his conviction must be reversed because the trial court lost jurisdiction over him when a trial was not commenced within 180 days as required by MCL 780.131; MSA 28.969(1). We agree.

It is clear that the statute applies to defendant, who was an inmate at Marquette Prison at the time of the charged offense on May 26, 1981. *People v Woodruff,* 414 Mich 130; 323 NW2d 923 (1982). The complaint and warrant were issued on June 4, 1981, preliminary examination was held on June 26, 1981, arraignment on August 17, 1981, and pretrial on September 2, 1981. On July 26, 1982, 417 days after the issuance of the complaint and warrant, 327 days after the pretrial, and after defendant's motion to dismiss was denied, a jury was impanelled for the trial of the cause. At that

point, defendant entered his nolo plea in return for dismissal of other charges. The record reveals that none of the delay in bringing defendant to trial was attributable to the defendant. In denying defendant's motion to dismiss, the trial court indicated that a "highly unusual number of cases at the district court level" as the result of the Marquette Prison disturbances of May 26, 1981, caused docket congestion which "cannot be said to be attributable to bad faith on the part of prosecution".

In *People v Asher,* 32 Mich App 380; 189 NW2d 148 (1971), *lv den* 385 Mich 767 (1971), this Court did acknowledge that the excessive court load occasioned by the Detroit civil disturbances of 1967, along with other justifiable grounds, excused an additional delay of 46 days. That reasoning cannot, however, be extended to an unexplained delay of the length found in this case. The people here have made no affirmative showing of unavoidable delays justifying inaction, and the fact that the court docket was crowded, without more, is not sufficient. *People v Forrest,* 72 Mich App 266, 273; 249 NW2d 384 (1976). In *Forrest, supra,* we stated:

"We hold that, if the defendant has not contributed to the delay, a period of otherwise unexplained inaction in excess of 180 days in the prosecution of a charge pending against an inmate is per se a violation of the statute, unless the people make an affirmative showing of exceptional and unavoidable circumstances which hamper the normally efficient functioning of the trial courts".

As has been indicated, none of the 327-day period of inaction in this case is attributable to the defendant, and we are compelled to conclude that the trial court lost jurisdiction to try defendant.

MCL 780.133; MSA 28.969(3); *People v Moore,* 96 Mich App 754, 759; 293 NW2d 700 (1980).

Defendant's conviction is reversed, and the case remanded to the circuit court with directions to enter an order of dismissal of the charge with prejudice.