PEOPLE v MERKERSON

Docket No. 80968. Submitted May 16, 1985, at Detroit.—Decided
    November 18, 1985.

Defendant, Antonio Merkerson, was charged in the Oakland
    Circuit Court with three counts of resisting arrest. While these
    charges were pending, defendant was convicted in the Wayne
    Circuit Court on another offense. As a result of that conviction,
    he was sentenced to a term of three years probation with the
    first year to be served in the Detroit House of Correction
    (DeHoCo). Upon receiving credit for time served, defendant was
    released from DeHoCo seven months after his incarceration.
    One month later, defendant filed a motion in the Oakland
    Circuit Court to dismiss the three counts of resisting arrest for
    failure of the prosecution to comply with the 180-day rule. The
    trial court, Robert L. Templin, J., denied defendant's motion on
    the ground that DeHoCo is a county jail and not a state penal
    institution and therefore the 180-day rule did not apply to the
    defendant. Defendant appeals, by leave granted, from the order
    denying the motion to dismiss and the order denying rehearing
    of the motion to dismiss. *Held:*

    1. Application of the 180-day rule to inmates confined at
    DeHoCo will depend on the circumstances of their assignment
    to that facility. Where an inmate is sentenced to a term of
    imprisonment for one year or less and is thus confined in
    DeHoCo in lieu of in a county jail under MCL 769.28, as was
    the defendant here, he or she will be considered an inmate of a
    county jail or local prison facility and the 180-day rule will not
    apply. Where, however, an inmate is confined in DeHoCo
    pursuant to an agreement between the Department of Correc-
    tions and the City of Detroit under MCL 802.11, he or she will
    be considered an inmate of a state penal institution and the
    180-day rule will apply.

    2. The authority of the Department of Corrections under
    MCL 791.262 to inspect and promulgate rules for DeHoCo does

REFERENCES

Am Jur 2d, Criminal Law §§ 606-608.

See the annotations in the ALR3d/4th Quick Index under Prisons
    and Convicts.

not place DeHoCo under the control of the department to the degree necessary to transform DeHoCo into a state penal institution for purposes of the 180-day rule.

Affirmed and remanded.

1. PRISONS AND PRISONERS — 180-DAY RULE — DETROIT HOUSE OF CORRECTION.

Application of the 180-day rule to inmates confined at the Detroit House of Correction depends on the circumstances of their assignment to that facility; where an inmate is sentenced to a term of imprisonment for one year or less and is thus confined in DeHoCo in lieu of in a county jail, pursuant to the statute pertaining thereto, the inmate is considered an inmate of a county jail or local prison facility and the 180-day rule will not apply; where an inmate is confined in DeHoCo pursuant to an agreement between the Department of Corrections and the City of Detroit, pursuant to the statute pertaining thereto, the inmate will be considered an inmate of a state penal institution and the 180-day rule will apply (MCL 769.28, 780.131, 802.11; MSA 28.1097[1], 28.969[1], 28.1821).

2. PRISONS AND PRISONERS — 180-DAY RULE — JAILS.

The 180-day statutory period which controls the time for commencing a criminal prosecution against a prison inmate on outstanding warrants does not apply to inmates incarcerated in county jails or local facilities (MCL 780.131; MSA 28.969[1]).

3. PRISONS AND PRISONERS — 180-DAY RULE — JAILS.

The statutory power of the Department of Corrections to inspect and promulgate rules for a local jail and house of correction does not translate to the degree of control necessary to transform a local facility into a state penal institution for purposes of the 180-day rule regarding the time for commencing a criminal prosecution against a prison inmate on outstanding warrants (MCL 780.131, 791.262; MSA 28.969[1], 28.2322).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief Appellate Counsel, and *Graham K. Crabtree,* Assistant Prosecuting Attorney, for the people.

*Arthur Lee Morman,* for defendant on appeal.

Before: M. J. KELLY, P.J., and MacKENZIE and
N. J. KAUFMAN,* JJ.

M. J. KELLY, P.J. We granted defendant's appli-
cation for leave to pursue this interlocutory appeal
so that we could determine whether the Detroit
House of Correction (DeHoCo) constitutes "a penal
institution of this state" for the purposes of Michi-
gan's 180-day rule. MCL 780.131; MSA 28.969(1).[1]
We hold that application of the 180-day rule to
inmates confined at DeHoCo will depend on the
circumstances of their assignment to that facility.
Where an inmate is sentenced to a term of impris-
onment for one year or less and is thus confined in
DeHoCo in lieu of in a county jail under MCL
769.28; MSA 28.1097(1), he or she will be consid-
ered an inmate of a county jail or local prison
facility and the 180-day rule will not apply.
Where, however, an inmate is confined in DeHoCo
pursuant to an agreement between the Depart-
ment of Corrections and the City of Detroit, MCL
802.11; MSA 28.1821, he or she will be considered
an inmate of a state penal institution and the 180-
day rule will apply.

DeHoCo is an unusual penal facility in the State
of Michigan. It is governed by the Detroit House of
Correction statute, MCL 802.1 *et seq.;* MSA
28.1811 *et seq.,* enacted by the Legislature to
provide solely for that facility. As Justice (then
Judge) RILEY observed in *People v Hooks,* 89 Mich
App 124, 131; 279 NW2d 598 (1979):

"DeHoCo plays a unique and dual role in the state's
corrections system. It operates as an equivalent to a

---

* Retired Court of Appeals Judge, sitting on the Court of Appeals
by assignment.

[1] The Michigan Legislature has recently enacted 1985 PA 61 autho-
rizing the state to purchase DeHoCo from the city and transform it
into a prison facility. Our decision is thus limited to the status of
DeHoCo prior to this development.

state prison when, pursuant to MCL 802.51; MSA 28.1841, it receives women prisoners convicted of crimes or offenses punishable by imprisonment in a state prison. However, DeHoCo is classified as an equivalent to a county jail by MCL 769.28; MSA 28.1097(1). That section provides that persons convicted of crimes punishable by imprisonment for a maximum of one year of less shall be sentenced to a county jail or to DeHoCo and *not to the state penal institution.*" (Emphasis in original.)

We add that the DeHoCo statute authorizes not only the incarceration of state prisoners who are women, MCL 802.51; MSA 28.1841, but the incarceration of any state prisoners where there is an agreement to do so between the state prison inspectors and the City of Detroit. MCL 802.11; MSA 28.1821. The inmate population of DeHoCo is comprised of persons who have received sentences of incarceration for one year or less, as well as those who have received sentences of incarceration exceeding one year. We conclude that DeHoCo's duality of function cannot be ignored in determining whether Michigan's 180-day rule applies to inmates incarcerated there.

Defendant's argument that DeHoCo is a state penal institution is premised on the theory that DeHoCo is operated and controlled by the state. In support of his "state control" theory, defendant relies upon MCL 802.2; MSA 28.1812 and MCL 791.262; MSA 28.2322. While defendant's argument is plausible, we are not convinced. MCL 802.2; MSA 28.1812 provides that the "management and direction" of DeHoCo "shall be under the control and authority of a board of inspectors, to be appointed for that purpose by the common council of the City of Detroit, upon the nomination of the mayor". Clearly, the administrative or management body of DeHoCo is locally controlled and

we are not persuaded that a board of inspectors accountable to the state transforms a local jail facility into a state penal institution.

MCL 791.262; MSA 28.2322, prior to its amendment by 1984 PA 102, provided that the Department of Corrections "shall supervise and inspect local jails and houses of correction", "shall promulgate rules and standards" applicable to these local facilities, and shall enforce its powers over the local facilities by filing an action in circuit court for mandamus or injunctive relief. The question is best formulated as whether the authority of the Department of Corrections under this statute places DeHoCo under the control of that department, since in *People v Sanders,* 130 Mich App 246, 250-251; 343 NW2d 513 (1983), we opined that the term "penal institution of this state" as used in the 180-day statute should be broadly interpreted to include any " 'grounds under the control of any person authorized by the Department of Corrections to have a prison inmate under care, custody or supervision' ", quoting *People v Lakin,* 118 Mich App 471, 474; 325 NW2d 460 (1982). Even under this liberal interpretation of the term, however, DeHoCo simply fails to qualify as a state penal institution in every instance. Where an inmate is incarcerated in DeHoCo under MCL 769.28; MSA 28.1097(1) rather than under a contract between the department and the City of Detroit, that inmate is not being cared for on grounds controlled by a person authorized by the Department of Corrections. That authority of DeHoCo personnel to care for inmates incarcerated under MCL 769.28; MSA 28.1097(1) is derived by statute and does not emanate from the department.

We further note that in *Mitchell v Dep't of Corrections,* 113 Mich App 739; 318 NW2d 507

(1982), this Court was called upon to decide whether MCL 791.262; MSA 28.2322 placed local jails and houses of correction under the control of the Department of Corrections officials for purposes of a nuisance action. In *Mitchell,* plaintiff was a former inmate of the City of Trenton jail who alleged that the department had created a nuisance in the jail by failing to adequately supervise and inspect. After observing that nuisance liability attaches only if the defendant is in control of the nuisance, the Court went on to hold:

"MCL 791.262; MSA 28.2322 imposes upon defendant the responsibility to supervise and inspect local jails to obtain facts pertaining to the usefulness and proper management of said jails. Defendant is directed by the statute to promulgate rules and standards for the administration of local jails and is allowed to enforce its reasonable orders concerning administration of local jails by mandamus or injunction in the circuit court of the county where the jail is located, through proceedings instituted by the attorney general. The power to make orders concerning the administration of local jails is insufficient to constitute control for the purposes of a nuisance action. A party does not control premises when its control may only be exercised through court action." 113 Mich App 742-743.

For similar reasons, we believe that the department's power to promulgate rules and inspect does not translate to the degree of control necessary to transform a local facility into a state penal institution for purposes of the 180-day rule.

Defendant in this case has been charged with three counts of resisting arrest, MCL 750.479; MSA 28.747. While these charges were pending in the trial court, defendant was convicted in Wayne County Circuit Court on another offense. As a result of that conviction, he was sentenced to a

term of three years probation with the first year to be served in DeHoCo. Upon receiving credit for time served, defendant was released from DeHoCo seven months after his incarceration. One month later, defendant filed a motion to dismiss in this case for failure of the prosecution to comply with the 180-day rule. The trial court denied defendant's motion on the ground that DeHoCo is a county jail and not a state penal institution.

Since defendant was sentenced to serve only one year in DeHoCo, the length of his sentence precluded incarceration in a state penal institution under MCL 769.28; MSA 28.1097(1). Defendant could only have been incarcerated in DeHoCo or in a county jail. MCL 769.28; MSA 28.1097(1). Because the 180-day rule does not apply to inmates incarcerated in county jails or local facilities, *People v Walker*, 142 Mich App 523, 527; 370 NW2d 394 (1985); *People v Hastings*, 136 Mich App 380, 382; 356 NW2d 645 (1984); *People v Rose*, 132 Mich App 656, 659; 347 NW2d 774 (1984), the trial court in this case properly denied defendant's motion to dismiss.

Affirmed and remanded.