PEOPLE v HALL

Docket No. 79480. Submitted September 10, 1985, at Grand Rapids.—
Decided November 19, 1985.

Defendant, Norman D. Hall, escaped from a Department of
Corrections camp on October 18, 1982. On December 23, 1982,
defendant shot the complainant in the back. He was arrested
and jailed on that same day. The complainant was expected to
die as a result of her injuries, but in fact lived and was released
from the hospital on August 14, 1983, 234 days after the
shooting. A warrant and complaint charging defendant with
assault with intent to comit murder were issued on August 29,
1983. Defendant pled guilty to the charge in the Lake Circuit
Court on February 13, 1984, less than 180 days after the
warrant was issued. Defendant appeals, claiming that the trial
court, Richard I. Cooper, J., erred in accepting his plea because
he had allegedly lost jurisdiction over the defendant under the
180-day rule. *Held:*

1. The statutory 180-day period did not begin to run on
December 23, 1982, when defendant was arrested and jailed
following his escape and the assault.

2. No formal charges were lodged against defendant, and no
warrant, indictment, information, or complaint was issued or
pending against defendant until August 29, 1983. Since the
warrant and complaint were issued less than 180 days from
defendant's guilty plea, no violation of the 180-day rule oc-
curred.

Affirmed.

CRIMINAL LAW — PRISONS AND PRISONERS — UNTRIED CHARGES —
180-DAY RULE.

Whenever the Department of Corrections shall receive notice that
there is pending in this state any untried warrant, indictment,
information or complaint setting forth against any inmate of a
penal institution of this state a criminal offense for which a

REFERENCES

Am Jur 2d, Criminal Law §§ 849 *et seq.*
See the annotations in the ALR3d/4th Quick Index under Indict-
ment or Information; Prisons and Convicts; Speedy Trial.

prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint; as long as a charge, once formally lodged, remains untried, it is part of an untried warrant, indictment, information or complaint (MCL 780.131; MSA 28.969[1]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Mark D. Raven,* Prosecuting Attorney, and *Jann Ryan Baugh,* Assistant Attorney General, for the people.

State Appellate Defender (by *James Krogsrud),* for defendant on appeal.

Before: ALLEN, P.J., and R. B. BURNS and MAC-KENZIE, JJ.

PER CURIAM. Defendant pled guilty to assault with intent to commit murder, MCL 750.83; MSA 28.278, and appeals as of right, claiming that the court erred in accepting his plea of guilt because it had lost jurisdiction over him under the 180-day rule, MCL 780.131; MSA 28.969(1).

Defendant escaped from a Department of Corrections camp on October 18, 1982. On December 23, 1982, he walked to the front door of a cottage and shot the complainant several times in the back when she came to the door. Defendant was arrested and jailed that day. The complainant was expected to die as a result of her injuries from the shootings, but in fact lived and was released from the hospital on August 14, 1983, 234 days later. A warrant and complaint were issued on August 29,

1983, charging defendant with assault with intent to commit murder. Defendant's plea was taken on February 13, 1984, less than 180 days after the warrant was issued.

Defendant claims that the statutory 180-day period began to run on December 23, 1982, the date he was incarcerated following his escape and the assault, so that the circuit court did not have jurisdiction to accept his guilty plea. MCL 780.131; MSA 28.969(1) states, in pertinent part:

"Whenever the department of corrections shall receive notice that there is pending in this state any *untried warrant, indictment, information or complaint* setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney * * * such warrant, indictment, information of complaint * * *." (Emphasis added.)

In *People v Williams,* 9 Mich App 676, 686-687; 158 NW2d 42 (1968), this Court explained that "the key word is 'untried.' *As long as a charge, once formally lodge,* remains untried, it is part of an untried warrant, indictment, information or complaint". (Emphasis added.) Here, no formal charges were lodged against defendant, and no warrant, indictment, information, or complaint was issued or pending against defendant until August 29, 1983.

Since the warrant and complaint were issued less than 180 days from defendant's guilty plea, no violation of the 180-day rule occurred.

Affirmed.