PEOPLE v ROSCOE

Docket No. 96976. Submitted June 17, 1987, at Grand Rapids. Decided
September 8, 1987.

Shane Roscoe pled guilty in the Ionia Circuit Court to prison
escape. The trial court, Charles W. Simon, Jr., J., sentenced
defendant to from one year and three months to five years, to
be served consecutively to the sentence or sentences then being
served. Defendant appeals alleging violation of the 180-day rule
articulated in MCL 780.131; MSA 28.969(1). The facts indicate
that defendant escaped from the Michigan Reformatory at
Ionia on August 31, 1985. The Michigan Department of Correc-
tions issued an "administrative warrant" for defendant's arrest
on or about September 3, 1985. On approximately September
18, 1985, defendant was picked up and lodged in the Wayne
County Jail. On January 31, 1986, defendant was returned to
the reformatory at Ionia. On April 1, 1986, the Ionia County
Prosecutor's office issued a complaint against defendant for
prison escape. A trial date was thereafter set for August 14,
1986. However, on August 12, 1986, defendant entered his plea
of guilty.

The Court of Appeals *held:*

The Department of Corrections "administrative warrant"
does not come within the statutory reference contained in MCL
780.131; MSA 28.969(1) to "any untried warrant, indictment,
information or complaint." The "administrative warrant" is not
the same as what the Legislature considered to constitute a
"warrant" for purposes of the 180-day rule. The term "war-
rant" as used in the 180-day rule does not include the depart-
ment's "administrative warrants." The 180-day period began
running with the issuance of the first charging document,
namely the complaint on April 1, 1986. Since the trial was
scheduled to begin within 180 days of April 1, 1986, the 180-day
rule was not violated.

Affirmed.

REFERENCES

Am Jur 2d, Criminal Law §§ 223 *et seq.*

When statute of limitations begins to run against criminal prosecu-
tion for embezzlement, fraud, false pretenses, or similar crimes.
77 ALR3d 689.

1. CRIMINAL LAW — INMATES — COMMENCEMENT OF PROCEEDINGS —
   180-DAY RULE.

   The 180-day statutory period which controls the time for com-
   mencing a criminal prosecution against a prison inmate on
   outstanding warrants begins with the coincidence of either of
   following conditions 1 or 2 and condition 3: (1) the issuance of a
   warrant, indictment or complaint against a person incarcerated
   in a state prison or under detention in any local facility
   awaiting incarceration in any state prison; or (2) the incarcera-
   tion of a defendant in a state prison or the detention of such
   defendant in a local facility to await such incarceration when
   there is an untried warrant, indictment, information or com-
   plaint pending against such defendant; and (3) the prosecutor
   knows or should know that the defendant is so incarcerated
   when the warrant, indictment, information or complaint is
   issued or the Department of Corrections knows or should know
   that a warrant, indictment, or complaint is pending against one
   in their custody (MCL 780.131; MSA 28.969[1]).

2. CRIMINAL LAW — INMATES — COMMENCEMENT OF PROCEEDINGS —
   180-DAY RULE — WORDS AND PHRASES.

   The terms "any untried warrant, indictment, information or
   complaint" contained in the statute providing a 180-day period
   for commencing a criminal prosecution against a prison inmate
   on an outstanding warrant or complaint refer to charging
   instruments which commence a phase of criminal proceedings
   against the inmate in the courts of this state; a Department of
   Corrections form entitled "administrative warrant" which does
   not institute such proceedings but, rather, serves to notify
   criminal justice officials that a particular person is within the
   jurisdiction of the department and has escaped from the depart-
   ment's custody and which merely seeks to return the inmate to
   the custody of the department without seeking to bring the
   inmate before a court of justice to answer for a substantive
   offense such as prison escape was not within the contemplation
   of the Legislature in enacting the 180-day rule (MCL 780.131;
   MSA 28.969[1]).

*Frank J. Kelley*, Attorney General, *Louis J.
Caruso*, Solicitor General, *Gary M. Gabry*, Prose-
cuting Attorney, and *Jann Ryan Baugh*, Assistant
Attorney General, for the people.

*Patrick M. Duff*, for defendant.

Before: SAWYER, P.J., and MACKENZIE and W. J. CAPRATHE,* JJ.

SAWYER, P.J. Defendant pled guilty to the offense of prison escape. MCL 750.193; MSA 28.390. Defendant was subsequently sentenced on the conviction to a term of from one year and three months to five years in prison, to be served consecutively to the sentence or sentences then being served. Defendant now appeals and we affirm.

On August 31, 1985, defendant escaped from the Michigan Reformatory at Ionia. On or about September 3, 1985, the Michigan Department of Corrections issued an "administrative warrant" for defendant's arrest. On approximately September 18, 1985, defendant was picked up and lodged in the Wayne County Jail. On January 31, 1986, defendant was returned to the reformatory at Ionia. Thereafter, on April 1, 1986, the Ionia County Prosecutor's office issued a complaint against defendant for prison escape. Following defendant's waiver of preliminary examination and an arraignment in circuit court, a trial date was set for August 14, 1986. However, on August 12, defendant entered his plea of guilty.

On appeal, defendant raises one issue, namely whether the 180-day rule articulated in MCL 780.131; MSA 28.969(1) was violated. Defendant raised this issue in the trial court by way of a pretrial motion, which was denied. The question specifically before us is whether the time for calculating the 180 days begins with the issuance of the prosecutor's complaint on April 1, or with the Department of Corrections' issuance of the administrative warrant on September 3.[1] If we begin the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] Presumably, the 180 days would be tolled for the time defendant was a fugitive; that is, until his apprehension on September 18. However, that does not affect the analysis at this point.

running of the statutory period from the date the Ionia County Prosecutor issued the complaint, then trial was scheduled to begin within 180 days. However, if the earlier date is used, more than 180 days would have passed prior to the beginning of trial and it would be necessary to determine whether an exception to the statute applies and the statute was tolled for a sufficient time period, or was otherwise complied with.

The Supreme Court established the framework for determining whether the 180-day rule was violated in *People v Hill,* 402 Mich 272, 280-281; 262 NW2d 641 (1978):

> We hold that the statutory period begins with the coincidence of either conditions 1 or 2 and condition 3:
>
> 1) The issuance of a warrant, indictment or complaint against a person incarcerated in a state prison or under detention in any local facility awaiting incarceration in any state prison;
>
> 2) The incarceration of a defendant in a state prison or the detention of such defendant in a local facility to await such incarceration when there is an untried warrant, indictment, information or complaint pending against such defendant; and
>
> 3) The prosecutor knows or should know that the defendant is so incarcerated when the warrant, indictment, information or complaint is issued or the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against one sentenced to their custody.

The question thus becomes whether the Department of Corrections' administrative warrant issued following defendant's escape comes within the statutory reference contained in MCL 780.131; MSA 28.969(1) to "any untried warrant, indictment,

information or complaint." For the reasons that follow, we conclude that it does not.

We begin by noting that in the case of *People v Hall,* 147 Mich App 289; 383 NW2d 181 (1985), this Court considered a situation where the defendant escaped from a Department of Corrections camp and approximately two months later committed an assault which resulted in his arrest later that day. The defendant argued to this Court that the statutory 180-day period should begin to run on the day he was arrested, rather than the day the assault warrant and complaint were issued. This Court disagreed, concluding that the statute provides for defendants to be brought to trial within 180 days of the formal lodging of charges rather than the arrest.

We also find support in a footnote to the Supreme Court's opinion in *People v Woodruff,* 414 Mich 130, 136, n 5; 323 NW2d 923 (1982), wherein the Court noted that the 180-day rule was not enacted to prevent dilatory tactics with respect to untried charges, nor does it secure a state prisoner his right to a speedy trial. Rather, as the Supreme Court noted in the text of the opinion, the purpose of the act was to dispose of untried warrants, indictments, informations or complaints.

With this in mind, we can turn more directly to the question of whether the Department of Corrections' use of an "administrative warrant" should trigger the running of the 180 days under the statute. First, we have been unable to find any authority, either by statute or by regulation, for the issuance of the so-called "administrative warrant." Indeed, by statute, the Legislature has provided that a lawfully arrested person who escapes may be immediately pursued and retaken at any time without a warrant. MCL 764.23; MSA 28.882.

Similarly, the Legislature has directed prison wardens to "take all proper measures" to apprehend an escaped convict. MCL 800.61; MSA 28.1430. Thus, the term "administrative warrant" appears to be nomenclature adopted by the Department of Corrections for use with its forms and procedures rather than a term created by the Legislature. That is, there is no statutory reason why the Department of Corrections' form need be entitled "administrative warrant" rather than a perhaps somewhat more descriptive term such as "notice of escape" or "pickup request" or the like. Indeed, had the department used more descriptive nomenclature, the confusion which surrounds this issue may have been somewhat alleviated.

Having determined that the nomenclature employed by the department is of no moment to this issue, we must now look to the substance of the administrative warrant and determine whether it was such an instrument as was within the contemplation of the Legislature in enacting the 180-day rule. We conclude that it was not. The terms referred to by the Legislature in the statute, complaints, warrants, informations or indictments, are all charging instruments which commence a phase of criminal proceedings against a person in the courts of this state. However, the administrative warrant does not institute such proceedings. Rather, it serves to notify various criminal justice officials that a particular person is within the jurisdiction of the Department of Corrections and has escaped from the department's custody.

The administrative warrant does not seek to bring a defendant before a court of justice to answer for a substantive offense such as prison escape. Rather, the administrative warrant merely seeks to return defendant to the custody of the

Department of Corrections.[2] Indeed, the issuance of the administrative warrant and an eventual successful apprehension of a defendant and his return to custody would not necessarily result in his being brought before the courts to answer for his prison escape. Rather, it would require a separate action by the local prosecutor, or perhaps the attorney general, to bring charges.

In sum, we do not believe that the Department of Corrections' administrative warrant comes within the statute merely because the department chose to use the term "administrative warrant." Rather, in looking to the substance of the administrative warrant, we conclude that it is not the same as what the Legislature considered to constitute a "warrant" for purposes of the 180-day rule. That is, defendant may not rely upon the Department of Corrections' nomenclature, but must make use of the Legislature's phraseology. And, in the language of the Legislature, the term "warrant" as used in the 180-day rule does not include the department's "administrative warrants."

For the above reasons, we conclude that the 180-day time period did not begin to run from the issuance of the administrative warrant or defendant's arrest following that "warrant." Rather, the 180-day period began running with the issuance of the first charging document, namely the complaint on April 1. Furthermore, since trial was scheduled to begin within 180 days of the issuance of the complaint, the 180-day rule was not violated.

Affirmed.

---

[2] Obviously, a defendant must be returned to the department's custody, or at least held in a local lockup, before criminal proceedings on the escape can be effectively initiated.