PEOPLE v ENGLAND

Docket No. 100105. Submitted October 17, 1988, at Detroit. Decided
    June 5, 1989.
    State prison inmate Terry England failed to return to prison
        while on a release program on November 5, 1984. On February
        27, 1986, he was arraigned on charges of assault with intent to
        murder and possession of a firearm during the commission of a
        felony with regard to a December 18, 1984, incident. Defendant
        was lodged in the Wayne County Jail pending disposition of the
        charges. The Department of Corrections placed a "hold" on his
        release from the county jail to ensure his return to the depart-
        ment's custody. On July 9, 1986, defendant pled guilty to a
        charge of escape from prison and on July 18, 1986, was sen-
        tenced to five years imprisonment and was transported to
        Jackson Prison. After several adjournments and the denial of a
        defense motion to dismiss on the basis of a violation of the
        statutory requirement that trial on an outstanding charge
        against a prison inmate be commenced within 180 days of
        notice to the prosecution of the inmate's incarcerated status, a
        bench trial on the assault and felony-firearm charges com-
        menced on January 14, 1987, in Detroit Recorder's Court,
        Thomas E. Jackson, J. Defendant was convicted of assault with
        intent to do great bodily harm and of felony-firearm. He was
        sentenced to imprisonment of six to ten years for assault and a
        consecutive two-year term for felony-firearm. Defendant ap-
        pealed.
    The Court of Appeals held:
    1. The 180-day period within which the prosecution needed to
        have brought defendant to trial on the assault and felony-
        firearm charges commenced on February 27, 1986, the date
        defendant was detained in a local facility to await incarceration
        in state prison and the prosecution knew or should have known
        of defendant's status. Only three days of the 321 days of delay
        between arraignment and trial in this case are chargeable to

REFERENCES
Am Jur 2d, Criminal Law §§ 849 et seq.
See the Index to Annotations under Speedy Trial.

defendant. The remaining 318 days are chargeable to the prosecution.

2. Violation of the 180-day rule divested the trial court of jurisdiction and the trial court should have dismissed the charges against defendant.

Convictions reversed and charges to be vacated on remand.

1. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF PROCEEDINGS — 180-DAY RULE.

The 180-day statutory period which controls the time for commencing a criminal prosecution against a prison inmate on outstanding warrants begins with the coincidence of either of following conditions 1 or 2 and condition 3: (1) the issuance of a warrant, indictment or complaint against a person incarcerated in a state prison; or (2) the incarceration of a defendant in a state prison or the detention of such defendant in a local facility to await such incarceration when there is an untried warrant, indictment, information or complaint pending against such defendant; and (3) the prosecutor knows or should know that the defendant is so incarcerated when the warrant, indictment, information or complaint is issued or the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against one in their custody (MCL 780.131 et seq.; MSA 28.969[1] et seq.).

2. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF PROCEEDINGS — 180-DAY RULE.

The 180-day rule of the statute which controls the time for commencing a criminal prosecution against a prison inmate applies to delays caused by the prosecution or the trial court; adjournments without reason, unexplained delays, and delays attributable to docket congestion are chargeable to the prosecution (MCL 780.131; MSA 28.969[1]).

3. CRIMINAL LAW — SPEEDY TRIAL — INMATES — COMMENCEMENT OF PROCEEDINGS — 180-DAY RULE.

A violation of the statute which provides that trial on an outstanding charge against a prison inmate be commenced within 180 days of notice to the prosecution of the inmate's incarcerated status results in the trial court's loss of jurisdiction and the dismissal of the charge (MCL 780.131, 780.133; MSA 28.969[1], 28.969[3]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of

the Criminal Division, Research, Training and Appeals, and *Carolyn Schmidt,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *F. Michael Schuck*), for defendant on appeal.

Before: Sullivan, P.J., and Murphy and M. Warshawsky,* JJ.

M. Warshawsky, J. Defendant appeals as of right his convictions in a bench trial of assault with intent to do great bodily harm, MCL 750.84; MSA 28.279, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). Defendant was sentenced to six to ten years in prison on the assault conviction and to a two-year consecutive term on the felony-firearm conviction. We reverse.

Defendant raises several issues on appeal but we find dispositive defendant's claim that his conviction should be reversed because the prosecution failed to bring him to trial within 180 days as required by MCL 780.131; MSA 28.969(1).

Defendant allegedly committed the instant offense on December 18, 1984. At that time, defendant was an escaped prisoner from the Michigan Department of Corrections, having failed to return from a release program on November 5, 1984. On February 7, 1985, a warrant and complaint were issued, charging defendant with assault with intent to murder and felony-firearm. Defendant was arraigned on the charges on February 27, 1986, and lodged in the county jail pending disposition of the instant charges. A "hold," for return to prison as an escapee, was placed on defendant by the Department of Corrections on February 27, 1986.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The preliminary examination was held on March 7, 1986, with the final conference being held on April 25, 1986. Docket entri indicate that the case was set for trial on June 3, 1986, but was adjourned without a reason being given. On June 17, 1986, it was again adjourned until June 20, 1986, because "defense counsel [was] busy." On June 20, 1986, it was again adjourned without reason until August 13, 1986, and the case was transferred to a different judge. Collaterally, defendant pled guilty on July 9, 1986, to prison escape, was sentenced on July 18, 1986, to five years for that offense, and was transported on that date to Jackson Prison. On August 13, 1986, trial in the instant matter was adjourned until October 27, 1986, because the judge had another trial in progress. On October 27, 1986, it was again adjourned until January 14, 1987, because the defendant was in Jackson Prison and the prosecutor had not sought a writ of habeas corpus to obtain defendant's presence for trial. MCR 3.304.

On January 14, 1987, the day of trial, defense counsel moved to dismiss for violation of the 180-day rule. The trial court computed the starting date of the 180-day period as July 9, 1986, the date defendant pled guilty to prison escape, and found that more than 180 days had passed since that time. However, the court held that the prosecution had taken good-faith action in readying the case for trial and was not chargeable for the delays in adjournment on August 13, 1986, and October 27, 1986. The court then denied defendant's motion to dismiss.

On appeal, defendant claims that the trial court clearly erred in determining that the 180-day period commenced on July 9, 1986, and that the prosecution was not chargeable for the delays and adjournments on August 13, 1986, and October 27,

1986. Defendant asserts that the 180-day period began running on February 26, 1986, the date that defendant was arraigned, and that the above delays should have been charged to the prosecution. We agree, except we find that the record reflects defendant's date of arraignment was February 27, 1986.

In *People v Hill,* 402 Mich 272, 280-281; 262 NW2d 641 (1978), our Supreme Court established the framework for determining when the 180-day rule is violated:

> We hold that the statutory period begins with the coincidence of either conditions 1 or 2 and condition 3:
> 1) The issuance of a warrant, indictment or complaint against a person incarcerated in a state prison or under detention in any local facility awaiting incarceration in any state prison;
> 2) The incarceration of a defendant in a state prison or the detention of such defendant in a local facility to await such incarceration when there is an untried warrant, indictment, information or complaint pending against such defendant; and
> 3) The prosecutor knows or should know that the defendant is so incarcerated when the warrant, indictment, information or complaint is issued or the Department of Corrections knows or should know that a warrant, indictment, or complaint is pending against one sentenced to their custody.

The object of the 180-day rule is to dispose of untried charges against *prison* inmates. *People v Woodruff,* 414 Mich 130, 137; 323 NW2d 923 (1982); MCL 780.131 *et seq.*; MSA 28.969(1) *et seq.* The first question that must be answered is whether the 180-day rule applies to the period from February 27 to July 18, 1986, when defen-

dant was held in the county jail. We hold that the 180-day rule does apply in this case.

Whether the 180-day rule applies to inmates confined at a county jail depends on the circumstances of their assignment to that facility. *People v Merkerson,* 147 Mich App 207, 209; 382 NW2d 750 (1985). Where an inmate is sentenced to a term of imprisonment for one year or less and thus confined in a county jail under MCL 769.28; MSA 28.1097(1), he or she will be considered an inmate of a county jail or local facility and the 180-day rule will not apply. *Id.* In the instant case, defendant, even when in jail, was an escaped prison inmate detained in jail awaiting certain return to prison. The fact that he was also awaiting disposition of the other charges does not change the fact that defendant was still under the jurisdiction and control of the Department of Corrections and would be returned to the prison to serve the remainder of his underlying sentence for drug possession. The successful apprehension of an escaped prisoner and his return to custody would not necessarily result in his being brought to court for prison escape, or other outstanding charges. *People v Roscoe,* 162 Mich App 710; 413 NW2d 483 (1987). Under these circumstances, we conclude that defendant was an "inmate" detained in a local facility awaiting incarceration in a state prison and that the 180-day rule applies. *Hill, supra,* p 281.

On February 27, 1986, defendant was arraigned on the complaint pending against him for assault with intent to murder and felony-firearm. On that same date, the Department of Corrections placed a hold on defendant for his return to the institution. The hold was clearly designated in the lower court file in this case. We thus find that on February 27, 1986, the prosecutor knew, or should have known,

that the defendant was awaiting incarceration in a state prison.

Since conditions 2 and 3 as set forth in *Hill, supra,* were met on February 27, 1986, we hold that the 180-day period commenced running on that date for the purposes of the 180-day rule, MCL 780.131; MSA 28.969(1).

There was a 10½-month delay between defendant's February 27, 1986, arrest and arraignment and January 14, 1987, trial. As previously noted, the instant case was originally set for trial on June 3, 1986, but was adjourned without reason until June 17, 1986. At that point, the case was adjourned for three days because defense counsel was busy. However, on June 20, 1986, it was again adjourned without reason until August 13, 1986. The burden imposed by the 180-day rule rests as much upon the court as upon the prosecutor. *People v Wolak,* 153 Mich App 60; 395 NW2d 240 (1986). All adjournments without reason and unexplained delays are chargeable to the prosecution. *People v Patterson,* 170 Mich App 162, 167; 427 NW2d 601 (1988); *People v Ross,* 145 Mich App 483, 491; 378 NW2d 517 (1985). Thus, the adjournments from June 3, 1986, to June 17, 1986, and June 20, 1986, to August 13, 1986, are chargeable to the prosecution.

On August 13, 1986, the case was adjourned because the judge was too busy to hear it. This Court has repeatedly held that delay attributable to docket congestion is inexcusable and must be attributed to the prosecution. *Wolak, supra,* pp 66-67; *People v Harris,* 132 Mich App 427; 346 NW2d 571 (1984); *People v Love,* 132 Mich App 423; 346 NW2d 534 (1983). Thus, the adjournment from August 13, 1986, to October 27, 1986, is chargeable to the prosecution.

On October 27, 1986, the case was adjourned

again because a writ of habeas corpus to obtain defendant's presence at trial was not issued. The burden rests with the prosecution to bring a defendant to trial. Defendant had no affirmative duty or responsibility to bring himself to trial. *Barker v Wingo*, 407 US 514, 527; 92 S Ct 2182; 33 L Ed 2d 101 (1972); *People v Farmer*, 127 Mich App 472, 479; 339 NW2d 218 (1983). The period from October 27, 1986, to January 14, 1987, is therefore also chargeable to the prosecution.

The only delay that defendant was clearly responsible for was June 17, 1986, to June 20, 1986. We find that the remainder of the 10½-month delay is chargeable to the prosecution and that the prosecution did not use good faith efforts in readying the case for trial. The trial court's ruling that the prosecution was not chargeable for the delays and adjournments is clearly erroneous.

In sum, we hold that the trial court improperly applied MCL 780.131; MSA 28.969(1). The 180-day period began to run on February 27, 1986, and was only tolled for three days—from June 17, 1986, to June 20, 1986. The prosecution must be held responsible for the remainder of the 10½-month delay—from February 27, 1986, to January 14, 1987, which amounted to 318 days (321 days less three days attributable to the defense). Charges are to be tried within a specific time or dismissed. *Woodruff, supra,* p 136. Consequently, since the 180-day rule was violated, the trial court was divested of its jurisdiction in this matter and was required to dismiss the charges against defendant with prejudice. MCL 780.133; MSA 28.969(3); *Wolak, supra,* p 70; *People Freeman,* 122 Mich App 260, 263; 332 NW2d 460 (1982), lv den 417 Mich 1052 (1983).

Defendant's convictions for the instant offenses are to be reversed and the charges vacated on remand. We do not retain jurisdiction.