TOWN OF NORMAL, Plaintiff-Appellee, *v.* JASON A. STELZEL, Defendant-Appellant.

Fourth District   No. 4—82—0121

Opinion filed October 18, 1982.

Richard E. Stites, of Livingston, Barger, Brandt, Slater & Schroeder, of Bloomington, for appellant.

Alan Novick, Corporation Counsel, of Normal, for appellee.

PRESIDING JUSTICE GREEN delivered the opinion of the court:

Defendant, Jason A. Stelzel, appeals a judgment of the circuit court of McLean County entered February 3, 1982, after a bench trial, finding him guilty of a violation of an ordinance of plaintiff, Town of Normal, fining him $50 and ordering him to pay costs. The crucial portion of the ordinance stated:

"SEC. 25.10—2 NOISE PROHIBITED. It shall be unlawful to use or operate a sound amplifying device, so that the device produces loud and raucous sounds at a distance greater than 50 feet from said device unless one has obtained a permit to do so from the Chief of Police or his designee(s)."

The complaint alleged plaintiff was *operating* a sound amplifying device in the manner prohibited on June 12, 1981. The evidence showed that, on that date, defendant and several others were playing musical instruments on defendant's parents premises in Normal and that most of the music was being sent out through a sound amplifying device.

On appeal, defendant attacks the sufficiency of the evidence to prove the offense and the constitutionality of the ordinance. The parties agree that because the permissible penalty for the violation of the ordinance could not include incarceration, plaintiff was not required to prove its case by proof beyond a reasonable doubt. (*City of Crystal Lake v. Nelson* (1972), 5 Ill. App. 3d 358, 283 N.E.2d 239.) Defendant asserts plaintiff failed to offer sufficient proof that: (1) he operated an

amplifying device; (2) such a device produced the sounds complained of by plaintiff's witnesses; and (3) those sounds were "loud and raucous." He maintains the ordinance deprives him of due process of law because with the construction given the word "raucous" there is insufficient notice to give a person of reasonable intelligence a reasonable opportunity to know what conduct is being prohibited. Finally, defendant contends the ordinance denies him equal protection because loud and raucous noises are prohibited while merely loud noises are not.

Defendant admitted he was practicing in concert with the others. The trial court indicated it deemed defendant guilty if any of the music from the group was produced through the amplifying device and was of the prohibited quality. We agree. Section 5—2(c) of the Criminal Code (Ill. Rev. Stat. 1979, ch. 38, par. 5—2(c)) makes a person accountable for the conduct of another if "[e]ither before or during the commission of an offense, and with the intent to promote or facilitate such commission, he solicits, aids, abets, agrees or attempts to aid, such other person in the planning or commission of the offense" all subject to exceptions not applicable here. If the foregoing is applicable to these *quasi* criminal proceedings, each of those practicing together would have been aiding and abetting the operation of the amplifying equipment.

■ Even if the Criminal Code provision is not applicable, "[a]s a general rule, all persons participating in the breach of a municipal ordinance are guilty as principals." (62 C.J.S. *Municipal Corporations* sec. 326(a), at 675 (1949).) Although the portion of the ordinance, for which violation was charged, refers to those who "operate" a prohibited device, the ordinance is different than ordinances dealing with housing code violations and similar ordinances which impose affirmative duties on a particular class, such as owners and their agents, and provide for a penalty for omitting to perform the duty. In such cases, clearly persons not within the stated class are not intended to have accountability. (See *City of Chicago v. Wernecke* (1954), 4 Ill. App. 2d 70, 123 N.E.2d 159.) Here, the ordinance does not evidence an interest to limit its application to a class of individuals but, rather, to hold responsible all those who participate in the affirmative acts prohibited. The trial court properly found defendant accountable for the operation of the amplifying device.

Defendant testified that at the time pertinent, he was playing a polyphonic synthesizer which produced sounds similar to orchestral strings. He described the sounds as being mellow and sweet, similar to the sounds of an orchestra. He testified the instrument produced

no bass sounds. He admitted that other than the sounds of the drums, the music produced that day was powered by the amplifiers used. He also admitted that although the drummer was not hooked up to a microphone, the sounds he produced were to a slight extent picked up by an open microphone which was in the area where defendant and his fellow musicians were playing.

A police officer and his wife, neighbors of defendant, testified that on June 12, 1981, at about 2 p.m. they were annoyed by music coming from where defendant and his group were playing. The officer was home trying to rest preparatory to serving on a night shift. He testified the music woke up his young son and caused him to scream. The wife described the music as "loud enough to rumble [her] living room floor and very disturbing." Another officer answering a complaint about the music testified he arrived on the scene and parked some 70 feet from the premises where the music was being played. He described the noise as loud and disturbing and such that it would have been difficult to sleep through. He also described it as "rock and roll" music. Another officer also arrived in answer to the complaint described the music as annoying but such as would be enjoyable under other circumstances.

The music which the witnesses heard was a combination of that which was being produced by the various instruments. Most of it was being amplified. The defendant admitted that even the sound of the drums was received through an open microphone and amplified to some extent. Thus, if the sounds heard by the various witnesses were "loud and raucous" the amplifying equipment participated in producing those sounds.

The defendant does not dispute that the trial court could properly find the music to have been loud but contends that a determination the music was also raucous was not supported by the evidence. He correctly points out that the ordinance would not be violated by the production of music which was merely loud.

■ Plaintiff cites as a definition of the word "raucous," the words "hoarse; rough sounding" and "loud and rowdy" (Webster's New World Dictionary 1179 (2d College ed. 1974)) and the word "rowdy" as meaning "a person whose behavior is rough, quarrelsome, and disorderly; *** having the nature and characteristic of a rowdy, rough, quarrelsome, etc." (Webster's New World Dictionary 1241 (2d College ed. 1974).) We accept those definitions as accurate. However, because of the testimony of the witnesses that in addition to being loud, the music also produced a disagreeable rumble and kept people awake, the trial court could properly have found the music to have

been "rough sounding" and, therefore, "raucous."

The evidence sufficiently supported the conviction.

■ Defendant contends the application we have given to the word "raucous" is so at odds with the manner in which he might reasonably have interpreted it as to deny him due process of law. He maintains neither he nor other reasonable persons could determine the kind of conduct shown here was prohibited by the ordinance. However, in *Kovacs v. Cooper* (1949), 336 U.S. 77, 93 L. Ed. 513, 69 S. Ct. 448, a noise ordinance prohibiting "loud and raucous noises" was challenged as being violative of due process on the grounds that it was so obscure, vague, and indefinite as to be impossible of reasonably accurate interpretation. The United State Supreme Court rejected this challenge, stating that while the words "loud and raucous" were abstract, they had, through daily use, acquired a content that conveyed to any interested person a sufficiently accurate concept of what was forbidden. We deem the daily use given the words "loud and raucous" when used together to include the sound of loud music which had a disagreeable rumbling quality sufficient to keep people awake. Defendant's due process rights were not violated.

■ The Town of Normal also did not deny defendant equal protection by prohibiting the operation of amplifying equipment which produced "loud and raucous" noise while permitting the operation of such equipment which merely produced noise which was loud. Noise which is both "loud and raucous" is more annoying and obnoxious than that which is merely loud. Moreover, prohibitions concerning noise which is merely loud create additional problems with protecting free speech. The required rational basis (*Johnson v. Robison* (1974), 415 U.S. 361, 39 L. Ed. 2d 389, 94 S. Ct. 1160) existed to justify the distinction made by the ordinance.

Our affirmance is for the reasons stated.

Affirmed.

MILLS and LEWIS, JJ., concur.