PEOPLE v SEKOIAN

Docket No. 94788. Submitted January 21, 1988, at Lansing. Decided
April 8, 1988. Leave to appeal denied, 431 Mich —.

Charles R. Sekoian was convicted of prison escape and being an
habitual offender, Jackson Circuit Court, James G. Fleming, J.
Defendant appealed, alleging error in the trial court's refusal
to grant a continuance and the court's precluding defendant's
duress defense and alleging that his trial violated the 180-day
rule and that his sentence of from 5 to 7½ years was excessive.

The Court of Appeals *held:*

1. The grant or denial of a continuance rests within the
discretion of the trial court. On appeal, the court must consider
(1) whether defendant is asserting a constitutional right, (2)
whether there is a legitimate reason for asserting the right, (3)
whether defendant is guilty of negligence, (4) whether adjourn-
ments were at defendant's behest, and (5) whether prejudice
will result to defendant. The court did not abuse its discretion
in denying defendant's request for a continuance.

2. A duress offense to the charge of escape is available when
a defendant can show that his escape was necessitated by an
immediate threat of death or serious bodily harm. The defen-
dant is required to file a notice prior to trial containing specific
information relative to the defense and there must be some
evidence from which each element of the defense may be
inferred before defendant may present the defense to the trier
of fact. Defendant's notice of duress defense did not contain any
evidence of immediate harm prompting his escape. The court
properly precluded the defense of duress.

3. The trial was timely.

4. Defendant's sentence was within the permissible limits and
did not shock the Court's conscience.

Affirmed.

REFERENCES

Am Jur 2d, Continuance §§ 3, 4, 27 *et seq.*.

Am Jur 2d, Escape, Prison Breaking, and Rescue §§ 6 *et seq.*

Duress, necessity, or conditions of confinement as justification for
escape from prison. 69 ALR3d 678.

1. CRIMINAL LAW — TRIAL — CONTINUANCES — APPEAL.

The grant or denial of a continuance rests within the discretion of the trial court; reversal is mandated only upon an abuse of discretion resulting in prejudice to the accused; on appeal, the court must consider (1) whether defendant is asserting a constitutional right, (2) whether there is a legitimate reason for asserting the right, (3) whether defendant is guilty of negligence, (4) whether adjournments were at defendant's behest, and (5) whether prejudice will result to defendant.

2. ESCAPE — DEFENSES — DURESS — NOTICE.

A duress defense to the charge of escape is available when a defendant can show that his escape was necessitated by an immediate threat of death or serious bodily harm; the defendant is required to file a notice prior to trial containing specific information relative to the defense and there must be some evidence from which each element of the defense may be inferred before defendant may present the defense to the trier of fact.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Joseph S. Filip,* Prosecuting Attorney, and *Jerrold Schrotenboer,* Chief Appellate Attorney, for the people.

State Appellate Defender (by *Susan J. Smith*), for defendant on appeal.

Before: GRIBBS, P.J., and J. B. SULLIVAN and W. J. GIOVAN,* JJ.

PER CURIAM. Defendant was convicted by a jury of prison escape, MCL 750.193; MSA 28.390. Defendant subsequently pled guilty to habitual offender-second offense, MCL 769.10; MSA 28.1082, and was sentenced to a term of from 5 to 7½ years. Defendant appeals as of right. We affirm.

Defendant was an inmate at the State Prison of Southern Michigan, Trusty Division, the Root Farm, a minimum security prison. Defendant was discovered missing during the early morning hours

_____

* Circuit judge, sitting on the Court of Appeals by assignment.

of July 6, 1985, when prison guards discovered that a stuffed laundry bag had been placed in defendant's bed and covered up to resemble a body. Defendant was arrested in Dallas, Texas, on September 11, 1985, where he was working under an alias.

Defendant signed a waiver on September 12, 1985, and was returned to prison in Michigan on October 3, 1985. Defendant was charged with prison escape on December 30, 1985. Defendant was served with a supplemental information charging him as an habitual offender-second offense, at his February 4, 1986, arraignment.

At defendant's March 11, 1986, pretrial conference, defendant informed the court that he no longer wanted to be represented by his appointed counsel, Jerry Engle. Defendant wanted to proceed in propria persona with the help of another inmate. The trial court informed defendant that he could not have a nonattorney inmate represent him and ordered Mr. Engle to continue as defendant's counsel. Mr. Engle indicated that defendant intended to present a duress defense. The trial court informed defendant that notice of the duress defense must be timely filed in the form and manner required by statute and that the cutoff date for motions was April 11, 1986.

On March 31, 1986, defendant filed a notice of duress defense which stated:

> [A]fter the murders of Mr. and Mrs. Mroz, life at the prison farm became unbearable, as the neighbors were shooting at the farm barracks [4 days before defendant's escape], and on at least one occasion [7 days before defendant's escape] the Defendant was at the edge of the camp when someone in a red convertible drove up, pointed a gun at him and threatened to kill him if he did not return to camp. There is a history of useless

complaints that the Defendant made trying to be moved from the camp, and in protection of his own life, he left the camp.

Witnesses to be called in support of said defense are: Inmates Christian #168786, McKinney #158651, Spann #130663, Moss Howe, Officer Edwards, Mr. Komar, Barbara Lucas, and all inmates and guards at the Root Farm within two weeks prior to July 6, 1985.

In an April 11, 1986, motion, Mr. Engle informed the court that there was no attorney-client relationship and that defendant wanted to proceed in propria persona. The trial court allowed defendant to proceed in pro per, with Mr. Engle assisting. The prosecution then moved to preclude defendant's duress defense on the basis that defendant had not alleged any facts showing an immediate threat to defendant and that defendant did not state why the witnesses listed were material to the defense. The trial court ruled that defendant's duress defense was insufficient under the statute and told defendant to put into writing why his witnesses were material and how their testimony would pertain to the issue of immediacy of harm. The trial court granted defendant twenty days to file a more complete notice of his duress defense and told defendant that the court would probably preclude his duress defense unless he filed a more complete notice. Defendant did not file any supplement to his original notice of duress defense.

At defendant's April 25, 1986, motion hearing, defendant, in propria persona, asked for an adjournment until his newly retained counsel, Jon Marcus, could appear. Since defendant had set the motions and no appearance had been filed for Marcus, the trial court denied defendant's motion. Defendant then brought a motion to dismiss the escape charge under the federal constitution and

the 180-day rule, MCL 780.131; MSA 28.969(1), arguing that the rule began to run on October 3, 1985. Defendant also challenged his extradition on the basis that the state did not get a governor's warrant to return defendant to Michigan. The trial court denied defendant's motions, explaining that extradition must be challenged in the state of asylum and that the 180-day rule began to run on December 30, 1985, when the complaint and warrant were issued.

On May 2, 1986, the prosecution again moved to preclude defendant's duress defense. Defense counsel Marcus argued that there was no basis for precluding the defense. The trial court granted the prosecution's motion, holding that there had been no showing of an immediate threat to defendant. The trial court told defense counsel to take an interlocutory appeal if he wished to supplement defendant's duress defense. No interlocutory appeal was filed. Defendant also moved for a continuance, alleging that counsel had insufficient time to prepare for the May 5, 1986, trial. The trial court denied defendant's motion, noting defendant had delayed the case. Defendant called no witnesses and presented no defense at his May 5, 1986, trial.

On appeal, defendant first contends that the trial court abused its discretion by denying defendant's motion for a continuance. We disagree. Requests for continuances are addressed to the trial court's discretion, and the decision will not be overturned absent an abuse of discretion. *People v Parker,* 76 Mich App 432, 439-440; 257 NW2d 109 (1977). Adjournments or continuances are not to be granted except for good cause shown. *Id.* In reviewing this question, this Court must consider (1) whether defendant is asserting a constitutional right, (2) whether there is a legitimate reason for asserting the right, (3) whether defendant is guilty

of negligence, (4) whether adjournments were at defendant's behest, and (5) whether prejudice to defendant will result. *People v Bell,* 155 Mich App 408, 412-413; 399 NW2d 542 (1986).

In this case, we find that defendant was asserting a constitutional right, the right to effective assistance of counsel. However, defendant himself was responsible for any lack of preparation since he rejected his court-appointed attorney and his retained attorney did not appear until three days before trial. The denial of a continuance is proper when the lack of counsel's proper preparation is partly a result of defendant's negligence. *Bell,* 155 Mich App 413. Nor was defendant prejudiced by his inability to raise the duress defense at trial. Defendant was repeatedly warned that his duress defense was inadequate, he was allowed additional time to amend his notice and he was informed that he could seek an interlocutory appeal. The trial court did not abuse its discretion in denying defendant's request.

Defendant's second contention is that the trial court erred by precluding defendant's duress defense. We disagree. A defendant is required to file a notice prior to trial containing specific information relative to the defense. MCL 768.21b(1); MSA 28.1044(2)(1). The duress defense is available when a defendant can show that his escape was necessitated by an immediate threat of death or serious bodily harm. *People v Mendoza,* 108 Mich App 733, 742; 310 NW2d 860 (1981), lv den 411 Mich 1084 (1981). However, there must be some evidence from which each element of the defense may be inferred before defendant may present the defense to the trier of fact. *People v Hubbard,* 115 Mich App 73, 77; 320 NW2d 294 (1982), lv den 417 Mich 910 (1983). The United States Supreme Court has held that an escapee may not present a duress

defense unless he has sufficient evidence showing an immediate threat which made the escape necessary. *United States v Bailey,* 444 US 394, 410-411; 100 S Ct 624; 62 L Ed 2d 575 (1980). We find that defendant's notice of duress defense did not contain any evidence of immediate harm which prompted defendant's escape.

Defendant next argues that his trial violated the 180-day rule because it did not occur until seven months after defendant was returned to Michigan. We disagree. The administrative warrant issued by the Department of Corrections following a defendant's escape does not trigger the running of the 180-day statutory period. As the trial court informed defendant, the 180-day period does not begin until the prosecutor issues a charging warrant or complaint. *People v Roscoe,* 162 Mich App 710; 413 NW2d 483 (1987).

Finally, defendant argues that his sentence of from 5 to 7½ years for prison escape and habitual offender is excessive. We disagree. Prison escape is punishable by further imprisonment of up to five years. MCL 750.193(1); MSA 28.390(1). When a defendant is convicted of habitual offender-second offense, the sentencing court may increase the sentence to 1½ times the maximum term. MCL 769.10(1)(a); MSA 28.1082(1)(a). Our conscience is not shocked by defendant's sentence. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

Affirmed.