CITY OF LANSING v HARTSUFF

Docket No. 163095. Submitted February 16, 1995, at Lansing. Decided
September 8, 1995, at 9:30 A.M.

Roger A. Hartsuff was found guilty following a joint jury trial in
the 54-A District Court, Claude R. Thomas, J., of violating City
of Lansing ordinances prohibiting disturbing the public peace
and quiet by loud or boisterous conduct and prohibiting hinder-
ing, opposing, obstructing, or resisting a police officer in the
performance of the officer's duties; Timothy F. Hartsuff was
found guilty of the latter offense only. The Ingham Circuit
Court, Thomas L. Brown, J., affirmed on appeal. The defen-
dants appealed to the Court of Appeals by leave granted.

The Court of Appeals *held:*

1. The Lansing ordinance that prohibits disturbing the public
peace and quiet by loud or boisterous conduct is not unconstitu-
tionally vague. The language of the ordinance provides fair
notice of the conduct prohibited and does not encourage arbi-
trary and discriminatory enforcement. An ordinary person
exercising common sense can sufficiently understand the term
"loud or boisterous," especially when the term is modified by
the phrase "disturb the public peace and quiet," and the term
"loud or boisterous" is not so subjective as to permit unlimited
discretion on the part of prosecutors, police officers, and jurors.

2. The evidence presented at trial sufficiently established that
Roger Hartsuff had disturbed the public peace. The trial court
did not err in denying Roger's motion for a directed verdict,
which had been based on a claim of insufficient evidence of
disturbance of the public peace.

3. The trial court correctly instructed the jury regarding the
elements of disturbing the public peace or quiet by loud or
boisterous conduct, and the issue of a testifying police officer's

REFERENCES

Am Jur 2d, Appellate Review §§ 145, 732, 743, 744; Arrest § 150;
Constitutional Law § 459; Criminal Law §§ 15-17; Statutes § 346.
See ALR Index under Arrest; Certainty and Definiteness; Continu-
ance and Adjournment; Exclusion and Suppression of Evidence;
Instructions to Jury.

credibility was adequately covered by other instructions given by the trial court.

4. Comments made by the trial court to defense counsel in the presence of the jury regarding the reasons why supplemental police reports could not be admitted into evidence did not remove the determination of the credibility of a testifying police officer from the province of the jury and did not deprive the defendants of their right to a fair and impartial trial. The remarks concerned the foundation requirements for the admission of the proffered evidence rather than comments regarding the credibility of the police witness. Any potential prejudice was alleviated by the trial court's instructions to the jury regarding the credibility of police officers.

5. The defendants were not denied a fair trial by the trial court's denial of a request for a continuance to allow defense counsel to review a supplemental police report. The trial court gave defense counsel adequate time to review the report.

6. By not including it in their statement of the questions involved, the defendants failed to preserve for appeal the issue whether the trial court abused its discretion in refusing to admit police reports into evidence.

7. The defendants' claim that the charges of resisting and obstructing a police officer should have been dismissed because the police officers acted unlawfully in entering Timothy Hartsuff's residence to effectuate a misdemeanor arrest is without merit. Even if the arrest were illegal, the remedy for an illegal arrest is suppression of the evidence, not dismissal of the charges.

Affirmed.

1. CONSTITUTIONAL LAW — PENAL STATUTES — VAGUENESS.

A penal statute must define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.

2. CONSTITUTIONAL LAW — PENAL STATUTES — VAGUENESS.

A penal statute may be found unconstitutionally vague where it fails to provide fair notice of what conduct is prohibited, encourages arbitrary and discriminatory enforcement, or is overbroad and impinges on First Amendment freedoms.

3. CRIMINAL LAW — JURY INSTRUCTIONS — APPEAL.

Jury instructions are to be viewed as a whole rather than extracted piecemeal to establish error; a defendant is not entitled to a new trial if the instructions sufficiently protected

the rights of the defendant and fairly presented to the jury the issues to be tried; the omission of an instruction is not error requiring reversal if the instructions as a whole cover the substance of the omitted instruction.

4. CRIMINAL LAW — TRIAL — CONTINUANCES — APPEAL.

A trial court's decision to grant or deny a motion for a continuance is reviewed on appeal for abuse of discretion; the reviewing court considers whether the defendant was asserting a constitutional right, had a legitimate reason for asserting that right, and was not negligent in asserting it, whether prior adjournments of trial were not at the defendant's request, and whether the defendant has demonstrated prejudice resulting from the trial court's abuse of discretion.

5. CRIMINAL LAW — ILLEGAL ARRESTS — SUPPRESSION OF EVIDENCE.

Suppression of evidence, not dismissal of the charge, is the proper remedy for an illegal arrest.

*Alvan P. Knot,* City Attorney, and *Landis Y. Lain,* Associate City Attorney, for the people.

*Stephen C. Rulison & Assoc., P.C.* (by *Stephen C. Rulison*), for the defendants.

Before: MICHAEL J. KELLY, P.J., and McDONALD and GRIFFIN, JJ.

GRIFFIN, J. Defendants appeal by leave granted an order of the circuit court affirming defendants' convictions following a jury trial in the 54-A District Court. Defendant Roger Hartsuff was convicted of disturbing the public peace and quiet by loud or boisterous conduct in a public place, Lansing Ordinances, § 664.01, and hindering, opposing, obstructing, or resisting a police officer in the performance of his duties, Lansing Ordinances, § 602.02. Defendant Timothy Hartsuff was convicted of the latter charge only. Both defendants were sentenced to six months of probation, fourteen days in jail, and a $300 fine. We affirm with respect to both defendants.

I

On March 15, 1991, Hazel Woodruff, the live-in girl friend of Timothy Hartsuff, called the Lansing Police Department at approximately 9:45 P.M. Woodruff informed the police department that the Hartsuff brothers were arguing outside Timothy Hartsuff's home. Both defendants had been drinking and were pushing each other while arguing. Woodruff testified that she called the police because she wanted the argument stopped "before someone got hurt."

Following Woodruff's call, Lansing police officers Ronald Seyka and James Gill were dispatched to the disturbance. Officer Seyka arrived first and heard both defendants using profanity. While in his driveway, Timothy Hartsuff told Officer Seyka: "You can leave. This is a family problem. Get the hell out of here."

A short time later, Woodruff went outside and began speaking to Officer Seyka. During her conversation with the officer, the argument between defendants became more heated with Roger Hartsuff's repeated use of profanity. Officer Seyka warned Roger Hartsuff several times to stop using "loud and profane" language. Thereafter, Officer Seyka attempted to mediate the dispute by separating the Hartsuff brothers and talking to each man.

Officer Gill arrived approximately two or three minutes after Officer Seyka. Following Gill's arrival, Roger Hartsuff stated: "There's another ass——. Here comes another ass——." At this point, Officer Seyka informed Roger that he would be arrested for any more outbursts. Roger's wife, Linda Hartsuff, then attempted to push her husband toward the house. However, as Officer Gill got out of his vehicle, Roger shouted additional

obscenities. Officer Gill immediately advised Roger
Hartsuff that he was under arrest for being "loud
and profane."

Following the outburst, Roger Hartsuff was
pushed into the house by his wife. Officer Gill
followed Roger into the home to effectuate Roger's
arrest. Once the officer was inside, Timothy Hart-
suff began pushing Officer Gill in the chest. Officer
Seyka then entered the home and witnessed the
pushing incident. As both officers attempted to
arrest Timothy Hartsuff, Timothy refused to place
his hands behind his back and repeatedly pushed
Officer Gill. According to the testimony of both
officers, Roger then came up behind Timothy and
punched Officer Gill in the face, breaking Gill's
eyeglasses. Both defendants were eventually sub-
dued and arrested.

## II

On appeal, defendant Roger Hartsuff challenges
the constitutionality of Lansing Ordinances,
§ 664.01(b) on the ground that it is vague.[1] Defen-

---

[1] As noted by the Supreme Court in *People v Howell,* 396 Mich 16,
20-21, n 4; 238 NW2d 148 (1976), quoting *Grayned v City of Rockford,*
408 US 104, 108-109; 92 S Ct 2294; 33 L Ed 2d 222 (1972), the
following due process rights may be offended by an unconstitutionally
vague statute or ordinance:

"It is a basic principle of due process that an enactment is
void for vagueness if its prohibitions are not clearly defined.
Vague laws offend several important values. First, because we
assume that man is free to steer between lawful and unlawful
conduct, we insist that laws give the person of ordinary intelli-
gence a reasonable opportunity to know what is prohibited, so
that he may act accordingly. Vague laws may trap the innocent
by not providing fair warning. Second, if arbitrary and discrim-
inatory enforcement is to be prevented, laws must provide
explicit standards for those who apply them. A vague law
impermissibly delegates basic policy matters to policemen,
judges, and juries for resolution on an *ad hoc* and subjective
basis, with the attendant dangers of arbitrary and discrimina-
tory application. Third, but related, where a vague statute

dant Roger Hartsuff claims that the ordinance, which prohibits "[d]isturbing the public peace and quiet by loud or boisterous conduct," lacks sufficient standards to define prohibited behavior. We disagree.

Recently, in *People v Lino,* 447 Mich 567, 575-576; 527 NW2d 434 (1994), the Supreme Court summarized the following rules for resolving challenges for vagueness:

> Defendants challenge MCL 750.338; MSA 28.570, as being unconstitutionally vague. In order to pass constitutional muster, a penal statute must define the criminal offense "with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Kolender v Lawson,* 461 US 352, 357; 103 S Ct 1855; 75 L Ed 2d 903 (1983) (citations omitted). Vagueness challenges that do not implicate First Amendment freedoms are examined in light of the facts of each particular case. *People v Howell,* 396 Mich 16, 21; 238 NW2d 148 (1976). When making a vagueness determination, a court must also take into consideration any judicial constructions of the statute. *Kolender* at 355.
>
> Thus, there are at least three ways a penal statute may be found unconstitutionally vague: (1) failure to provide fair notice of what conduct is prohibited, (2) encouragement of arbitrary and discriminatory enforcement, or (3) being overbroad and impinging on First Amendment freedoms.

See also *People v White,* 212 Mich App 298; 536 NW2d 876 (1995).

Additionally, there is a presumption of constitu-

'abut[s] upon sensitive areas of basic First Amendment freedoms,' it 'operates to inhibit the exercise of [those] freedoms.' "

In the present case, defendant Roger Hartsuff does not challenge the ordinance on First Amendment grounds.

tionality of ordinances, *Detroit v Qualls,* 434 Mich 340, 364; 454 NW2d 374 (1990), and the person challenging the ordinance has the burden of rebutting the presumption. *Id.; 1426 Woodward Ave Corp v Wolff,* 312 Mich 352, 357; 20 NW2d 217 (1945); *People v Sell,* 310 Mich 305; 17 NW2d 193 (1945). Also, a statute or ordinance is not unconstitutional simply because it is unwise or unfair. *Doe v Dep't of Social Services,* 439 Mich 650, 681; 487 NW2d 166 (1992); *Manistee Bank & Trust Co v McGowan,* 394 Mich 655, 666-667; 232 NW2d 636 (1975).

At issue in the present case are the words "loud or boisterous" as contained in the Lansing ordinance. Defendant Roger Hartsuff argues that this phrase is unduly subjective and vague, thereby making it susceptible to arbitrary and capricious enforcement. Further, he asserts that the language of the ordinance is imprecise and, therefore, deficient in providing the requisite notice to citizens of the proscribed conduct.

In *Kovacs v Cooper,* 336 US 77; 69 S Ct 448; 93 L Ed 513 (1949), the United States Supreme Court addressed a similar challenge to an ordinance forbidding amplification of "loud and raucous" noises. There, the Supreme Court stated:

> The contention that the section is so vague, obscure and indefinite as to be unenforceable merits only a passing reference. This objection centers around the use of the words "loud and raucous." While these are abstract words, they have through daily use acquired a content that conveys to any interested person a sufficiently accurate concept of what is forbidden. [*Id.* at 79.]

Like the words "loud and raucous," the phrase "loud or boisterous," as used in the Lansing ordinance, is sufficiently precise to be constitutional.

See also *Jones v City of Meridian,* 552 So 2d 820 (Miss, 1989) (the terms "loud," "offensive," "intimidation," and "breach of the peace" not unconstitutionally vague); *City of Seattle v Eze,* 111 Wash 2d 22; 759 P2d 366 (1988) (the term "loud or raucous" not inherently vague); *Normal v Stelzel,* 109 Ill App 3d 836; 65 Ill Dec 378; 441 NE2d 170 (1982) (the term "loud and raucous" not unconstitutional); *State v Johnson,* 112 Ariz 383; 542 P2d 808 (1975) (the term "loud or unusual noise" not vague); *Hess v State,* 260 Ind 427; 297 NE2d 413 (1973), rev'd on other grounds 414 US 105; 94 S Ct 326; 38 L Ed 2d 303 (1973) (statute proscribing acting in a "loud, boisterous, or disorderly manner" not vague); *People v Fitzgerald,* 194 Colo 415; 573 P2d 100 (1978) (the term "unreasonable noise" not vague).

We agree with the lower court that an ordinary person exercising common sense can sufficiently understand the term "loud or boisterous," especially when the term is modified by the phrase "disturb the public peace and quiet." By the same token, we conclude that the term is not so subjective and vague as to permit unlimited discretion on the part of prosecutors, police officers, and jurors.

Furthermore, whenever possible, our courts must endeavor to construe statutes and ordinances in a constitutional manner. *People v Hayes,* 421 Mich 271, 284; 364 NW2d 635 (1984); *People v Capriccioso,* 207 Mich App 100, 103; 523 NW2d 846 (1994). In this regard, we find persuasive the analysis of the Ohio Supreme Court in *State v Dorso,* 4 Ohio St 3d 60; 446 NE2d 449 (1983). In *Dorso,* the ordinance at issue proscribed the playing of music, loud talking, amplification of sound, and other noises "in such a manner to disturb the peace and quiet of the neighborhood." In upholding the con-

stitutionality of the ordinance, the Ohio Supreme Court reasoned as follows:

> [H]ere we adopt the approach taken by our counterpart in *State v Chaplinsky,* 91 NH 310; 18 A2d 754 (1941), and subsequently endorsed by the United States Supreme Court in *Chaplinsky v New Hampshire,* 315 US 568 [62 S Ct 766; 86 L Ed 1031] (1942). In appraising the constitutionality of a statute which criminalized directing "offensive, derisive or annoying" words to another, the New Hampshire court interpreted the statute so as to obviate any potential ambiguities. The New Hampshire court, at page 320, stated: "The word 'offensive' is not to be defined in terms of what a particular addressee thinks. . . . The test is what men of common intelligence would understand would be words likely to cause an average addressee to fight." The United States Supreme Court cited the identical passage in affirming the state court's decision and rejecting claims of the *Chaplinsky* statute's unconstitutionality. *Chaplinsky v New Hampshire [supra* at 573.]
>
> Following the persuasive lead of the *Chaplinsky* tribunals, we construe the Cincinnati ordinance at issue to prohibit the playing of music, amplification of sound, etc., in a manner which could be anticipated to offend the reasonable person, *i.e.,* the individual of common sensibilities. Specifically, we find the ordinance to proscribe the transmission of sounds which disrupt the reasonable conduct of basic human activities, *e.g.,* conversation or sleep. Our construction of the ordinance does not permit the imposition of criminal liability upon a party whose conduct disturbs only the hypersensitive. Thus, the standard hereby adopted vitiates the claimed vagueness of the ordinance. [*Id.* at 63.]

Similarly, in the present case, we construe the Lansing ordinance to refer to noise levels that would offend a reasonable person of common sensibilities and disrupt the reasonable conduct of basic

human activities. Under this construction, noise or sounds that would not offend a nearby reasonable man cannot be punished under the ordinance. For this reason, culpability necessarily depends on all the surrounding facts and circumstances. For example, those playing a spirited neighborhood touch football or basketball game after school are without culpability while those engaged in the same conduct in the middle of the night would be blameworthy. In light of our construction, we conclude that the ordinance is sufficiently precise to overcome the vagueness challenge.

To the extent that defendant Roger Hartsuff argues that his conviction was not supported by sufficient evidence that he disturbed the public peace, this argument is without merit. Viewed in a light most favorable to the prosecution, we conclude that there was sufficient evidence to justify the submission of the charge to the jury. Hazel Woodruff testified that she could hear both defendants arguing outside her home. Similarly, Officer Seyka testified that defendant Roger Hartsuff was sufficiently loud to be heard across the street and by Roger's neighbors. The sounds from the disturbance caused at least one of defendant's neighbors to go outside. Under these circumstances, the trial court did not err in denying defendant Roger Hartsuff's motion for a directed verdict.

III

Next, both defendants argue that the trial court's instructions at trial denied them a fair trial. Defendants claim that the trial court failed to instruct the jury regarding the impeachment of Officer Gill and the proper elements of the charge of disturbing the public peace or quiet by loud or boisterous conduct.

Jury instructions are to be viewed as a whole rather than extracted piecemeal to establish error. *People v Kelly,* 423 Mich 261, 270-271; 378 NW2d 365 (1985); *People v Dabish,* 181 Mich App 469, 478; 450 NW2d 44 (1989). A defendant is not entitled to a new trial if the instructions sufficiently protected the rights of the defendant and fairly presented to the jury the issues to be tried. *People v Holt,* 207 Mich App 113, 116; 524 NW2d 249 (1994); *People v Gaydosh,* 203 Mich App 235, 237; 512 NW2d 65 (1994); *People v Davis,* 199 Mich App 502, 515; 503 NW2d 457 (1993). Furthermore, the omission of an instruction is not error warranting reversal if the instructions as a whole cover the substance of the omitted instruction. *People v Bender,* 124 Mich App 571, 575; 335 NW2d 85 (1983); *People v Bradley,* 62 Mich App 39; 233 NW2d 177 (1975).

We conclude that the jury instructions, when viewed in their entirety, sufficiently protected the rights of defendants and fairly presented the issues to be tried. The trial court instructed the jury regarding the credibility of witnesses in general and police officers in particular. In addition, the jury was read defendants' theory of the case alleging that "[f]rom the contradiction in testimony, the defendants believe the police are being untruthful." We believe that these instructions adequately covered the substance of the omitted instruction. Similarly, defendants' other claim of error is equally without merit. The trial court properly instructed the jury regarding the elements of the charged crime.

IV

Defendants further argue that they were denied a fair trial by the trial court's comments during

trial concerning Officer Gill's credibility. Defendants claim that these comments impermissibly removed the determination of the credibility of the witness from the province of the jury.

At trial, the following colloquy occurred after defense counsel attempted to introduce into evidence two copies of a supplemental police report bearing different dates:

> *Mr. Rulison* [Defense Counsel]: Well, your Honor, they are prior statements of the witness that are inconsistent and show impeachment. 801(d)(1), inconsistent statements of a prior—or of a witness are not hearsay, therefore, I would move for their admission on the basis that there is no reasonable objection to them. Thank you, your Honor. They've been authenticated as well, your Honor.
>
> *The Court*: Well, the Court—I haven't heard from the City yet, but I don't know of any exception to the hearsay rule. As I said before out of the presence of the jury, I'm now saying in the presence of the jury the declarant is present and available to testify, and the declarant has adequately explained away the discrepancy in the dates. For those reasons, neither exhibit is received. But your objection is noted for the record.

In *People v Collier,* 168 Mich App 687, 698; 425 NW2d 118 (1988), we set forth the following analysis for determining whether a trial court's comments or conduct deprive a defendant of his right to a fair and impartial trial:

> Michigan case law provides that a trial judge has wide discretion and power in matters of trial conduct. *People v Cole,* [349 Mich 175; 84 NW2d 711 (1957)] *supra,* p 199. This power, however, is not unlimited. If the trial court's conduct pierces the veil of judicial impartiality, a defendant's conviction must be reversed. *People v London,* 40

Mich App 124, 129-130; 198 NW2d 723 (1972); *People v Wilson,* 21 Mich App 36, 37-38; 174 NW2d 914 (1969). The appropriate test to determine whether the trial court's comments or conduct pierced the veil of judicial impartiality is whether the trial court's conduct or comments "were of such a nature as to unduly influence the jury and thereby deprive the appellant of his right to a fair and impartial trial." *People v Rogers,* 60 Mich App 652, 657; 233 NW2d 8 (1975), lv den 406 Mich 918 (1979). See *People v Burgess,* 153 Mich App 715, 719; 396 NW2d 814 (1986).

In this case, we conclude that the trial judge's remarks to defense counsel did not pierce the veil of judicial impartiality so as to unduly influence the jury. Taken in context, the remarks were clearly an observation by the trial judge concerning the foundation requirements for the admission of the evidence rather than a comment on the overall credibility of the police witness. Further, any potential prejudice was alleviated by the trial court's instructions to the jury concerning the credibility of police officers. Under these circumstances, we conclude that defendants were not deprived of their right to a fair and impartial trial.

V

Next, we consider defendants' claim that the trial court abused its discretion in denying defendants' request for an adjournment during defense counsel's cross-examination of Officer Gill. Defendants argue that the trial court's decision to allow defense counsel only approximately twenty minutes to study a supplemental police report prepared by Officer Gill denied defendants a fair trial.

A trial court's decision whether to grant or deny a motion for a continuance is subject to review for an abuse of discretion. *People v Sinistaj,* 184 Mich

App 191, 201; 457 NW2d 36 (1990); *People v Sek-oian,* 169 Mich App 609, 613; 426 NW2d 412 (1988). In making such a determination, we consider whether "(1) the defendant was asserting a constitutional right; (2) he had a legitimate reason for asserting that right; (3) he was not negligent in asserting it; (4) prior adjournments of trial were not at his request; and (5) on appeal, he has demonstrated prejudice resulting from the trial court's abuse of discretion." *Sinistaj, supra* at 201, citing *People v Wilson,* 397 Mich 76; 243 NW2d 257 (1976), and *People v Williams,* 386 Mich 565, 578; 194 NW2d 337 (1972). See also *People v Lawton,* 196 Mich App 341, 348; 492 NW2d 810 (1992).

Under the facts of this case, we conclude that defendants have failed to demonstrate any prejudice resulting from the trial court's claimed abuse of discretion. Although defense counsel was given only approximately twenty minutes to review the police report, the supplemental report was only one page in length. In addition, the supplemental report differed from the original police report only with respect to the location of defendant Roger Hartsuff before he was placed under arrest. Defendants have failed to carry their burden of proving how this information materially affected their defense. Accordingly, we conclude that defendants were not denied a fair trial by the trial court's denial of their request for a continuance.

In regard to defendants' claim that the trial court abused its discretion in denying their request to admit the police reports into evidence, we decline to review this issue. This issue was not preserved for appeal because it was not set forth in defendant's statement of the questions involved. MCR 7.212(C)(5); *People v Yarbrough,* 183 Mich App 163, 165; 454 NW2d 419 (1990).

VI

Finally, defendants argue that defendants' convictions of resisting and obstructing a police officer should be reversed because the police officers acted unlawfully in entering Timothy Hartsuff's residence to effectuate a misdemeanor arrest. This argument is wholly without merit. Even if we were to agree with defendants' position, the sole remedy for an illegal arrest is suppression of the evidence, not dismissal of the charges. *People v Burrill,* 391 Mich 124, 133; 214 NW2d 823 (1974); *People v Chambers,* 195 Mich App 118, 120; 489 NW2d 168 (1992); *People v Dalton,* 155 Mich App 591, 597; 400 NW2d 689 (1986). Because defendants do not challenge the seizure of any incriminating evidence, we conclude that they are not entitled to relief on this claim of error.

Affirmed.