*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT M. ADAMS,

        Plaintiff-Appellant,

v

ANGELA M. CARRIER, also known as ANGELA M. ADAMS,

        Defendant-Appellee.

UNPUBLISHED
October 27, 2022

No. 360108
Macomb Circuit Court
LC No. 10-001551-DM

Before: RONAYNE KRAUSE, P.J., and JANSEN and MURRAY, JJ.

PER CURIAM.

In this case under the Child Custody Act, MCL 722.21 *et seq.*, plaintiff appeals by right the trial court's order referring the issues of custody, parenting time, and schooling to the Friend of the Court for an investigation and recommendation. We affirm.

The sole issue before the Court is whether the trial court erred in entering an order referring the issues of custody, parenting time and schooling to the Friend of the Court for an investigation and recommendation without first deciding whether there was an established custodial environment with either or both of the parties, and without analyzing the statutory best interest factors.[1]

We quickly dispatch with plaintiff's argument. Whether viewed as a motion to change parenting time or—because of its impact on the amount of time the children would spend with plaintiff if the motion were granted—a change in custody, there is no legal requirement that the trial court first determine whether there is an established custodial environment, or to analyze the best interest factors, before referring a matter to the Friend of the Court. Nothing in the statute requires it, see MCL 552.507, and the only threshold judicial decision required prior to considering

---

[1] Plaintiff mentions in his brief about the trial court's finding that a change in circumstance existed, but the issue is given little treatment in the brief and is not contained in the issue presented. It is therefore not properly before us. *Lansing v Hartsuff*, 213 Mich App 338, 351; 539 NW2d 781 (1995).

the substance of a motion to change custody or parenting time is determining whether a change in circumstances or proper cause exists. *Pennington v Pennington*, 329 Mich App 562, 571; 944 NW2d 131 (2019); *Lieberman v Orr*, 319 Mich App 68, 92; 900 NW2d 130 (2017) ("[B]efore a court may even consider whether a proposed custodial change is in the best interests of the children, it must first determine whether the movant has made the required showing of proper cause or a change of circumstances.").

Here, the trial court found that the circumstances had changed because of plaintiff's residency situation in Windsor, which resulted in the children having to temporarily attend school in the Ferndale Public Schools and reside with defendant while plaintiff's residency status in Canada was clarified. It was only after finding a change in circumstance existed (which was contrary to a prior recommended finding of the Friend of the Court) that the court entered the challenged order, referring the matter to the Friend of the Court for investigation and recommendation. Of course, once that recommendation is submitted to the parties and the court, if there need be a decision on the custody or parenting time, the court would at that time engage in an analysis of whether there exists an established custodial environment and then of the best interest factors.

The trial court's actions were consistent with the law set forth above, and plaintiff has identified no statute, rule or decision that is inconsistent with this law. The trial court's order is, therefore,

Affirmed.


/s/ Amy Ronayne Krause
/s/ Kathleen Jansen
/s/ Christopher M. Murray